## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| DISASTER WARNING NETWORK, INC. and <br><br> JOHN FLANAGAN <br><br>     Plaintiffs, <br><br>   v. <br><br> THE UNITED STATES, <br><br>     Defendant, and <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br>     Third-Party Defendant | No. 1:13-cv-890 <br><br> Judge Nancy B. Firestone |

### ANSWER OF INTERNATIONAL BUSINESS MACHINES CORP. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Rule 14(c) of the Rules of the United States Court of Federal Claims, and the Court's Notice to Interested Third Party dated March 11, 2014, International Business Machines Corp. ("IBM"), by and through its attorneys, hereby answers plaintiffs Disaster Warning Network, Inc.'s ("DWN's") and John Flanagan's (collectively "Plaintiffs'") First Amended Complaint. IBM has an interest in this case for at least the reasons specified in the United States' Unopposed Motion to Notice Third Parties, filed March 10, 2014 [D.I. 10]. Except as expressly admitted herein, IBM denies each allegation in the Complaint.

### NATURE OF ACTION

1. IBM admits that the First Amended Complaint alleges an action to recover reasonable and entire compensation for the allegedly unlicensed use and manufacture by and for the United States of alleged inventions described in and covered by U.S. Patent Nos. 5,910,763

("the '763 patent) and 6,169,476 ("the '476 patent"), but otherwise denies the allegations of Paragraph 1.

## JURISDICTION

2.      IBM admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498(a).  IBM denies that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1491(a).

## PARTIES

3.      IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the First Amended Complaint and therefore denies them.

4.      IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the First Amended Complaint and therefore denies them.

5.      IBM admits that Plaintiffs' First Amended Complaint identifies the United States as the Defendant.  IBM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the First Amended Complaint and therefore denies them.

6.      Admitted.

## ASSERTED PATENTS

7.      Admitted.

8.      IBM admits that John Flanagan is listed on the face of the '763 patent as the sole inventor of the '763 patent and that said patent issued on June 8, 1999.  IBM admits that a copy of the '763 patent is attached to the First Amended Complaint as D.I. 29-1.  IBM denies the remaining allegations in Paragraph 8.

9. IBM admits that John Flanagan is listed on the face of the '476 patent as the sole inventor the '476 patent and that said patent issued on January 2, 2001. IBM admits that a copy of the '476 patent is attached to the First Amended Complaint as D.I. 29-2. IBM denies the remaining allegations in Paragraph 9.

10. Admitted.

11. No response is required from IBM to the extent that the allegations of Paragraph 11 as to what the asserted patents "relate generally to" present a legal conclusion. To the extent that there are any remaining allegations, IBM denies the same.

12. IBM admits only that the United States Patent and Trademark Office issued the '763 and '476 patents. IBM denies the remaining allegations of Paragraph 12.

13. IBM admits that, upon information and belief, an assignment was recorded at the United States Patent and Trademark Office on September 11, 2013, under Reel 031183, Frame 0983, that reflects rights transferred from John Patrick Flanagan to Disaster Warning Network, Inc. No response is required from IBM to the extent that the remaining allegations of Paragraph 13 present a legal conclusion. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the First Amended Complaint that Mr. Flanagan is the sole, shareholder, director, and officer of DWN and therefore denies them. To the extent that there are any remaining allegations, IBM denies the same.

14. IBM admits that, upon information and belief, an assignment was recorded at the United States Patent and Trademark Office on September 11, 2013, under Reel 031183, Frame 0983, that reflects rights transferred from John Patrick Flanagan to Disaster Warning Network, Inc. IBM admits that information concerning the assignment recorded under Reel 031183,

Frame 0983 is publicly-available on the USPTO's website located at http://assignments.uspto.gov/.

## KNOWLEDGE OF THE PATENTS-IN-SUIT BY THE UNITED STATES AND ITS CONTRACTORS

15. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the First Amended Complaint and therefore denies them.

16. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the First Amended Complaint and therefore denies them.

17. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the First Amended Complaint and therefore denies them.

18. IBM admits that in August of 2014, the website http://www.disasterwarning.com/index.html included hyperlinks to two "Google Patent" pages corresponding to the '763 patent and the '476 patent. IBM denies the remaining allegations in Paragraph 18.

19. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the First Amended Complaint and therefore denies them.

20. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the First Amended Complaint and therefore denies them.

21. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the First Amended Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

22. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the First Amended Complaint and therefore denies them.

23. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the First Amended Complaint and therefore denies them.

24. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the First Amended Complaint and therefore denies them.

25. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the First Amended Complaint and therefore denies them.

26. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the First Amended Complaint and therefore denies them.

27. IBM admits that the Warning, Alert, and Response Network Act ("WARN Act") was enacted in 2006. IBM admits that the WARN Act stated: "Within 180 days after the date on which the Commercial Mobile Service Alert Advisory Committee, established pursuant to section 603(a), transmits recommendations to the Federal Communications Commission, the Commission shall complete a proceeding to adopt relevant technical standards, protocols, procedures, and other technical requirements based on the recommendations of such Advisory Committee necessary to enable commercial mobile service alerting capability for commercial mobile service providers that voluntarily elect to transmit emergency alerts." Pub. L. 109-347, Title VI, § 602(a). IBM otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the First Amended Complaint and therefore denies them.

28. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the First Amended Complaint and therefore denies them.

29. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the First Amended Complaint and therefore denies them.

30. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the First Amended Complaint and therefore denies them.

31. IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the First Amended Complaint and therefore denies them.

## COUNT I

32. IBM repeats and incorporates herein by reference its responses to Paragraphs 1-31 of the First Amended Complaint.

33. To the extent Paragraph 33 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the First Amended Complaint and therefore denies them.

34. To the extent Paragraph 34 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the First Amended Complaint and therefore denies them.

35. To the extent Paragraph 35 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763

patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the First Amended Complaint and therefore denies them.

36. To the extent Paragraph 36 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the First Amended Complaint and therefore denies them.

37. To the extent Paragraph 37 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the First Amended Complaint and therefore denies them.

38. To the extent Paragraph 38 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the First Amended Complaint and therefore denies them.

39. To the extent Paragraph 39 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies

that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the First Amended Complaint and therefore denies them.

   40.  To the extent Paragraph 40 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the First Amended Complaint and therefore denies them.

   41.  To the extent Paragraph 41 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the First Amended Complaint and therefore denies them.

   42.  To the extent Paragraph 42 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the First Amended Complaint and therefore denies them.

43. To the extent Paragraph 43 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the First Amended Complaint and therefore denies them.

44. To the extent Paragraph 44 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the First Amended Complaint and therefore denies them.

45. To the extent Paragraph 45 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the First Amended Complaint and therefore denies them.

46. To the extent Paragraph 46 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 46 of the First Amended Complaint and therefore denies them.

47. To the extent Paragraph 47 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the First Amended Complaint and therefore denies them.

48. To the extent Paragraph 48 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '763 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '763 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the First Amended Complaint and therefore denies them.

## COUNT II

49. IBM repeats and incorporates herein by reference its responses to Paragraphs 1-48 of the First Amended Complaint.

50. To the extent Paragraph 50 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the First Amended Complaint and therefore denies them.

51. To the extent Paragraph 51 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the First Amended Complaint and therefore denies them.

52. To the extent Paragraph 52 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the First Amended Complaint and therefore denies them.

53. To the extent Paragraph 53 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the First Amended Complaint and therefore denies them.

54. To the extent Paragraph 54 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 54 of the First Amended Complaint and therefore denies them.

55. To the extent Paragraph 55 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the First Amended Complaint and therefore denies them.

56. To the extent Paragraph 56 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the First Amended Complaint and therefore denies them.

57. To the extent Paragraph 57 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the First Amended Complaint and therefore denies them.

58. To the extent Paragraph 58 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476

patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the First Amended Complaint and therefore denies them.

59. To the extent Paragraph 59 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the First Amended Complaint and therefore denies them.

60. To the extent Paragraph 60 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the First Amended Complaint and therefore denies them.

61. To the extent Paragraph 61 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent. Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the First Amended Complaint and therefore denies them.

62. To the extent Paragraph 62 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies

that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the First Amended Complaint and therefore denies them.

63. To the extent Paragraph 63 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the First Amended Complaint and therefore denies them.

64. To the extent Paragraph 64 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the First Amended Complaint and therefore denies them.

65. To the extent Paragraph 65 alleges that any IBM product, system or service, either alone or in combination with any other product or system, infringes the '476 patent, IBM denies that any IBM product, system or service infringes any valid and enforceable claim of the '476 patent.  Otherwise, IBM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the First Amended Complaint and therefore denies them.

## **PRAYER FOR RELIEF**

A-F.    Paragraphs (A) through (F) of the First Amended Complaint state Plaintiffs' prayer for relief, to which no response is required.  Nonetheless, to the extent Paragraphs (A) through (F) are deemed to contain allegations, IBM denies each such allegation.  IBM further denies that Plaintiffs are entitled to any of the relief requested in Paragraphs (A) through (F).

**DEFENSES**

**FIRST DEFENSE (NON-INFRINGEMENT)**

1. IBM has not infringed any valid and enforceable claim of the '763 patent or the '476 patent, either literally or under the doctrine of equivalents.

**SECOND DEFENSE (INVALIDITY)**

2. The claims of the '763 patent and the '476 patent are invalid because they do not comply with one or more of the requirements for patentability, including those identified in 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD DEFENSE (PROSECUTION HISTORY ESTOPPEL)**

3. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the '763 patent and the '476 patent and any other related patents, Plaintiffs are estopped from construing any allegedly infringed claim of the '763 patent and the '476 patent to cover or include, either literally or by application of the doctrine of equivalents, any IBM product, system or service.

**FOURTH DEFENSE (FAILURE TO STATE A CLAIM)**

4. Plaintiffs fail to state a claim against IBM upon which relief can be granted as to the '763 patent and the '476 patent.

**FIFTH DEFENSE (NO LIABILITY FOR ANY INFRINGING ACTIVITIES CAUSED BY THE UNITED STATES OR OTHERS)**

5. To the extent the alleged infringing acts were caused by, or performed pursuant to acts by the United States, or others, IBM is not liable for those activities and has no obligation to indemnify the United States.

### SIXTH DEFENSE (WAIVER, LACHES, AND ESTOPPEL)

6. Plaintiffs' claims are barred by the doctrine of waiver, equitable estoppel, and and/or laches.

### SEVENTH DEFENSE (LIMITATION OF DAMAGES)

7. To the extent that DWN seeks recovery for any of IBM's alleged unauthorized use occurring more than six years before the filing of the Complaint, DWN is precluded from any such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

8. To the extent that Mr. Flanagan seeks recovery for any of IBM's alleged unauthorized use occurring more than six years before the filing of the First Amended Complaint, Mr. Flanagan is precluded from any such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

### EIGHTH DEFENSE (LICENSE TO THE '763 PATENT AND '476 PATENT)

9. To the extent the alleged inventions claimed by the '763 patent and '476 patent were invented in the performance of work under a funding agreement with the Government or using Government resources, the United States is entitled to an express or implied license in the alleged inventions.

### NINTH DEFENSE (USE OR MANUFACTURE BY OR FOR THE UNITED STATES)

10. Plaintiffs' claims are barred by 28 U.S.C. §1498 to the extent they relate to use or manufacture of the alleged inventions of the '763 patent and/or '476 patent by or for the United States.  However, should Plaintiffs be awarded compensation, such compensation may include delay compensation, but shall not include pre-judgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

## TENTH DEFENSE (CONTRACTUAL LIMITATION OF DAMAGES)

11. To the extent Plaintiffs or the United States seek recovery from IBM, IBM is not liable for any amount in excess of the aggregate amount payable by the United States to IBM under the applicable work order.

## ELEVENTH DEFENSE (RECOVERY BARRED BY ANTI-ASSIGNMENT ACT)

12. To the extent that DWN seeks recovery for infringement that occurred prior to the assignment of the patent to DWN, such recovery is barred by the Anti-Assignment Act, 31 U.S.C.A. § 3727.

## TWELFTH AFFIRMATIVE DEFENSE (SOVEREIGN IMMUNITY AS APPLIED TO GOVERNMENT CONTRACTORS)

13. To the extent that Plaintiffs seek recover for acts performed by the United States based on a theory of indirect or joint infringement, Plaintiffs cannot recover because the United States has not waived sovereign immunity as to infringement based on such a theory.

## RELIEF REQUESTED BY THIRD-PARTY DEFENDANT

WHEREFORE, IBM respectfully requests that this Court:

(a) Deny any and all relief requested by Plaintiffs, as set forth in the First Amended Complaint and dismiss Plaintiffs' First Amended Complaint with prejudice;

(b) Enter judgment that the '763 patent and the '476 patent are invalid;

(c) Enter judgment that the '763 patent and the '476 patent have not been infringed;

(d) Enter judgment that the '763 patent and the '476 patent are unenforceable as to the United States and IBM;

(e) Enter judgment that Plaintiffs are not entitled to any compensation;

(f) Declare that this is an exceptional case in favor of IBM under 35 U.S.C. § 285, award IBM its reasonable attorneys' fees and expenses, and hold Plaintiffs jointly and severally liable for this award;

(g) Award IBM its costs of suit, and hold Plaintiffs jointly and severally liable for this award; and

(h) Award IBM such other and further relief as this Court deems just and appropriate.

Dated: September 2, 2014

Respectfully submitted,

/s/ Mark J. Abate
Mark J. Abate

Of Counsel:

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8000
Fax: (212) 355-3333
mabate@goodwinprocter.com

Charles H. Sanders
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 020109
Tel: (617) 570-1000
Fax: (617) 801-8804
csanders@goodwinprocter.com

*Attorneys for Third-Party Defendant
International Business Machines Corp.*

Jonathan A. Auerbach
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8000
Fax: (212) 355-3333
jauerbach@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and served electronically to those indicated as non-registered participants on September 2, 2014.

/s/ Stacey L. Campbell
Stacey L. Campbell
Senior Paralegal
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC  20001
T: 202-346-4112
F: 202-346-4444